**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ELMER RODRIGUEZ, AKA Gordo,<br><br>Defendant - Appellant. | No. 24-355<br><br>D.C. No.<br>3:19-cr-00280-RS-13<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted August 11, 2025[**]
San Francisco, California

Before: RAWLINSON, BADE, and KOH, Circuit Judges.

Elmer Rodriguez (Rodriguez) appeals his convictions for conspiracy to

engage in racketeering activity, murder in aid of racketeering, attempted murder in

aid of racketeering, and discharge of a firearm in furtherance of a crime of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously granted Rodriguez's motion to submit this case without oral argument.  Dkt. No. 49.

violence.  We affirm.

**1.**  The district court did not abuse its discretion in admitting evidence of two murders that were charged as overt acts in support of the conspiracy to commit a racketeering offense.  *See United States v. Berckmann*, 971 F.3d 999, 1001 (9th Cir. 2020) (explaining that "[w]e review a district court's admission of evidence under [Federal Rules of Evidence] 403 and 404(b) for abuse of discretion") (citation omitted).  Although Rodriguez maintains that he was not charged with direct involvement in the murders and the evidence was cumulative and prejudicial, the government was required only "to show that [Rodriguez] knew or had a reason to know of the scope of the conspiracy," *United States v. Collazo*, 984 F.3d 1308, 1319 (9th Cir. 2021) (en banc), *as amended* (citation and footnote reference omitted), and "[t]he rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy . . ." *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011).

Moreover, any evidentiary error does not warrant reversal of Rodriguez's convictions in light of the overwhelming evidence of Rodriguez's involvement in the racketeering conspiracy.  *See United States v. Shen Zhen New World I, LLC*, 115 F.4th 1167, 1186 (9th Cir. 2024) (explaining that "[w]e will reverse only if such error more likely than not affected the verdict") (citations and internal quotation marks omitted).

**2.** The district court did not err in admitting the testimony of a law enforcement officer concerning the murder of a gang member that Rodriguez allegedly ordered in furtherance of the conspiracy. Rodriguez maintains that the officer improperly provided expert testimony by describing certain aspects of the shooting as indicative of gang-related conduct.

Federal Rule of Evidence 701 "allows a lay witness to offer opinions that are (a) rationally based on the witness's perception, (b) helpful to the jury, and (c) not based on scientific, technical or other specialized knowledge within the scope of expert testimony." *United States v. Holguin*, 51 F.4th 841, 865 (9th Cir. 2022) (citation and internal quotation marks omitted). "[W]hether evidence is more properly offered by an expert or a lay witness depends on the basis of the opinion, not its subject matter. . . ." *United States v. Perez*, 962 F.3d 420, 436 (9th Cir. 2020) (citation and internal quotation marks omitted).

The officer's testimony was properly based on his involvement in the investigation as a consultant who provided "intel to the investigators regarding the gang," experience from his own gang-related investigations, and his extensive review of videos related to the shooting. The officer's testimony concerning the video was admissible as lay testimony, and did not constitute impermissible expert testimony. *See United States v. Dorsey*, 122 F.4th 850, 855 (9th Cir. 2024) (explaining that "[w]hen a law enforcement officer points out particulars in a video

that are based on a close and repeated out-of-court review and that a casual observer would likely miss, the testimony is lay opinion because the officer is contributing to the jury's in-court perception of the video") (citation omitted).

We also conclude that any error in admitting the officer's testimony was harmless based on other testimony concerning the shooting and Rodriguez's involvement in the murder, as well as the overwhelming evidence of Rodriguez's guilt. *See Shen Zen New World I*, 115 F.4th at 1186.[1]

**3.** Rodriguez's contention that the district court's imposition of a mandatory life sentence was unconstitutional under the Eighth Amendment is foreclosed by our precedent. *See United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1991), *as amended* (holding that "it is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment") (citation omitted).

**AFFIRMED.**

---

[1] In conclusory fashion, Rodriguez asserts that the officer's testimony violated Federal Rule of Evidence 704(b), providing that "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." As discussed, the officer provided permissible lay testimony concerning the videos related to the shooting, and Federal Rule of Evidence 704 has no bearing on this issue. Even if the rule was applicable, any error was harmless. *See Shen Zen New World I*, 115 F.4th at 1186.